**MARYLAND CITIZENS COMMITTEE FOR FAIR CONGRESSIONAL REDISTRICTING, INC., a non-profit corporation, Roland I. Perusse, Mary W. Kaufman, and Milton P. Lunch**

**v.**

**J. Millard TAWES, as Governor of the State of Maryland, and Lloyd Simpkins, as Secretary of State of the State of Maryland.**

Civ. No. 15178.

United States District Court
D. Maryland.
Feb. 3, 1964.

Alfred L. Scanlan, Bethesda, Md., James H. French, Shea & Gardner and Cummings & Sellers, Washington, D. C., for plaintiffs.

Thomas B. Finan, Atty. Gen. of Maryland, Robert C. Murphy, Deputy Atty. Gen., and Robert F. Sweeney, Asst. Atty. Gen., Baltimore, Md., for defendants.

Before SOBELOFF, Chief Circuit Judge, THOMSEN, Chief Judge and NORTHROP, District Judge.

PER CURIAM.

We are of the opinion that the court has jurisdiction of the subject matter and of the parties and that the individual plaintiffs have standing to raise the issues which this case presents.

We also think that the defendants are proper parties, that the Boards of Election Supervisors of the various political subdivisions of the State are not indispensable parties, and that a decree against the present defendants would be effective without joining the election boards.

In our view the burden rests initially on the plaintiffs to show unconstitutionality, but when the mathematical imbalance between districts is of sufficient magnitude the burden shifts to the defendants to justify the disparity. Where the vote of a citizen in one district counts for significantly less than a vote in another district, as is manifestly now the case in Maryland, the disproportion rebuts the presumption of the constitutionality of the statute and requires the State to show that there is a rational basis for the disproportion. Moreover, the measure now under referendum appears to be subject to the same objections as the present law.

No justification for the existing imbalance is shown in the pleadings before us. While on these pleadings a decree of invalidation may be in order, we think that further opportunity, if sought, should perhaps be afforded to show justification, if there is any.

Careful consideration has been given to the arguments advanced to us last week by the plaintiffs with respect to their lack of success in past efforts to obtain legislative relief. Consideration has likewise been given to the statement of the Attorney General submitting the Governor's opinion that there is little likelihood of timely and effective corrective action at the forthcoming session.

According to the decisions of the Court of Appeals of Maryland, the pendency on referendum of an earlier redistricting statute would seem to interpose no obstacle to further legislation on the subject at this time. E. g., First Continental S. & L. Ass'n, v. Director, State

Dept. of Assessments, etc., 229 Md. 293, 183 A.2d 347 (1962).

It is in order to make one further observation: Legislative delay in facing the problem until a future special session is not free from the danger of serious complications, as the Attorney General has well pointed out. The lapse of time may serve only to intensify practical difficulties in making arrangements for the forthcoming elections. These difficulties should be clearly envisioned before accepting inaction as the only course, for it may make state-wide congressional elections inevitable—a prospect which all concerned have deplored.

The court will not pass any decree or order today but retains jurisdiction for future action on request of any party, or on its own initiative, at such time as may appear appropriate.